UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRELL LANE Jr., | No. 10-5414BHS/JRC |
| Plaintiff, | |
| v. | ORDER |
| WESTERN STATE HOSPITAL, et al., | |
| Defendants. | |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

Before the court is plaintiff's motion for appointment of counsel and motion for the issuance of subpoenas (Dkts. # 6 and # 7). Plaintiff alleges that he was conditionally released from Western State Hospital and then taken back into custody for an alleged violation of the terms of his release. He claims that he was held 32 to 34 months before having a hearing on the violation and that he was then found not guilty in Superior Court. He brings this action seeking fifteen hundred dollars a day for the time he was held (Dkt. # 5, complaint). The court has just ordered service in this action. At the time of filing plaintiff filed the motion for counsel and for issuance of subpoenas.

ORDER - 1

1.   *Counsel.*

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party, the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate the claims pro se in light of the complexity of the legal issues involved.  Wilborn, 789 F.2d at 1331.

Plaintiff has not demonstrated exceptional circumstances in this case.  Although plaintiff has demonstrated an adequate ability to articulate his claims, the claims alleged to date, are not complex and the hardships plaintiff articulates in his motion, have not prevented him from filing a coherent complaint.   Plaintiff has not shown a high likelihood of success because the action has just been ordered served.  Until the court has heard from defendants by way of an answer or dispositive motion, it is too early for the court to judge plaintiff's chance of success.  Plaintiff's Motion to Appoint Counsel (Dkt. # 6) is **DENIED**.

2.   *Subpoenas*.

The next step after a defendant accepts service is for the defendant to file either an answer or a dispositive motion.  At this early stage of the proceedings subpoenas are not needed. The motion (Dkt. #7) is therefore **DENIED WITHOUT PREJUDICE**

The clerk's office is directed to remove the motions from the court's calendar.

DATED this 8th day of July, 2010.

J. Richard Creatura
United States Magistrate Judge

ORDER - 2