UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRELL LANE, JR., <br><br> Plaintiff, <br><br> v. <br><br> WESTERN STATE HOSPITAL; SUZANNA LEICHMAN; MARK SEILING; RICHARD TOMKO; WILLIAM EHLER; LINDA SALAZAR; DIANA HATHAWAY; CHRISS SAURSON; K.J. DAVITON, <br><br> Defendants. | CASE NO. C10-5414BHS-JRC <br><br> REPORT AND RECOMMENDATION <br><br> Noted for March 25, 2011 |

This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. This case is before this Court on the Court's Order to Show Cause (ECF No. 24) and Defendant's Motion to Dismiss (ECF No. 27).

This Court recommends that this matter be dismissed with prejudice because plaintiff has died and no appropriate representative has moved to substitute and proceed with the claims.

ORDER - 1

## PROCEDURAL HISTORY

Plaintiff LARRELL LANE, JR. filed the underlying Complaint on or about June 29, 2010, without the aid of counsel. (ECF No. 5.) On October 18, 2010, pursuant to Fed. R. Civ. P. 25(a)(1), Defendants filed a notice informing the Court of plaintiff's death. (ECF No. 23.) The Court notes that Defendants sent a copy of this Notice on Record of Party's Death to Plaintiff's last known address in Lakewood, Washington. (See id., p. 2.)

On November 8, 2010, this Court issued an Order to Show Cause, concluding that this matter should be dismissed pursuant to Fed. R. Civ. P. 25(a)(1) unless Plaintiff's successor or an appropriate representative moved to substitute and proceed with the claims alleged. (See ECF No. 24, p. 2 (*citing* Fed. R. Civ. P. 25(a)(1)).) This Court directed that a motion to substitute be served and filed no later than February 18, 2011, otherwise this Court would "recommend that the matter be dismissed." (ECF No. 24, p. 2.)

Although the Court directed the Clerk's Office to send a copy of the Order to Show Cause to Plaintiff's last known address, the mail was returned as undeliverable on both November 16, 2010 and November 22, 2010. (See ECF Nos. 25, 26). On February 24, 2011, Defendants filed a Motion to Dismiss, moving the Court for dismissal of plaintiff's claims in their entirety. (ECF No. 27.)

## DISCUSSION

According to Fed. R. Civ. P. 25(a)(1),

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

1  Because 90 days has passed since service has been attempted at Plaintiff's last known address

2  subsequent to Plaintiff's death, and a motion for substitution has not been made, "the action by .

3  . . . the decedent must be dismissed." Id.

## CONCLUSION

Based on the foregoing, and in accordance with Fed. R Civ. P. 25(a)(1), this Court recommends that this matter be DISMISSED with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 25, 2011, as noted in the caption.

DATED this 2nd day of March, 2011.

J. Richard Creatura
United States Magistrate Judge